9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Merlin BRADY, Defendant-Appellant.
 No. 92-30410.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Oct. 22, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Angel Trujillo, a 13-month old girl, was fatally injured while in the care of appellant Brady. Brady was charged with murder on Indian land and sexual abuse of a child under the age of twelve on Indian land. After a jury trial, he was convicted of voluntary manslaughter, a lesser included offense of murder, and of sexual abuse. He appeals his sexual abuse conviction, arguing that the evidence was insufficient to sustain the verdict, and he appeals the district court's refusal to award a two-point guideline reduction for acceptance of responsibility at sentencing.
 
 
 3
 The court views the evidence at trial in the light most favorable to the government. United States v. Bishop, 959 F.2d 820, 828 (9th Cir.1992). The baby was taken to a well-baby clinic for a checkup on the morning of her death, and she was fully examined by Dr. Lantz. Dr. Lantz examined the region around her anus and genitals and discovered nothing out of the ordinary. After the examination, the baby's foster mother briefly took her shopping, and then left her in the care of Brady and his girlfriend. The baby slept for several hours, after which Brady was alone with her for a short period of time in a bedroom. Shortly thereafter, Brady returned the baby to the well-baby clinic for the second time that day. At the clinic, Angel was diagnosed with the injuries that eventually caused her death, and with injuries to her anal area. Doctors testified that the anal injuries were consistent with sodomization or with penetration by a blunt object or force.
 
 
 4
 In this appeal, Brady contends there was insufficient evidence to support the jury's finding that Brady committed sexual abuse. The evidence was overwhelming that Brady was responsible for all of the other injuries that were present on the baby's body at the time of her death and were not present at the time of a full physical examination a few hours earlier. The evidence was sufficient for the conviction of sexual abuse.
 
 
 5
 In the sentence appeal, Brady contends that the court erred in failing to award a two-point guideline reduction for acceptance of responsibility. As the district court noted, Brady has never shown any acceptance of responsibility; throughout the trial and through sentencing, he contended that the child's death was accidental. The district court did not abuse its discretion. See United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3